# Term of a Member of the Mississippi River Commission

The term of a member of the Mississippi River Commission is set by the statute governing his office, and the term dictated by the statute applies even though the language used in his nomination, confirmation, and commission calls for a different term.

May 27, 1999

MEMORANDUM OPINION FOR THE EXECUTIVE CLERK

You have asked for our opinion whether the term of a member of the Mississippi River Commission is set by the language of his nomination, confirmation, and commission, even though the statute governing his office calls for a different term. We conclude that the term dictated by the statute applies.

The Mississippi River Commission consists of seven members, appointed by the President with the advice and consent of the Senate. 33 U.S.C. §§ 641–642 (1994). Three of the members are from the Engineer Corps of the Army, one from the National Ocean Survey, and three from "civil life." *Id.* § 642. Each commissioner from civil life "shall be appointed for a term of nine years." *Id.*

Ordinarily, when a statute provides for an appointee to serve a term of years, the specified time of service begins with the appointment. *Case of Chief Constructor Easby,* 16 Op. Att'y Gen. 656 (1880). A different rule generally applies to commissions whose members have staggered terms. There, to preserve the staggering required by statute, each member may serve only until the passage of the specified number of years calculated from the expiration of his predecessor's term, even if the member's confirmation and appointment take place after that prior term has expired. Memorandum for Tim Saunders, Acting Executive Clerk, Executive Clerk's Office, from Dawn Johnsen, Deputy Assistant Attorney General, Office of Legal Counsel, *Re: When the Statutory Term of a General Trustee of the John F. Kennedy Center for the Performing Arts Begins* (Sept. 14, 1994); Memorandum for Nelson Lund, Associate Counsel to the President, from John O. McGinnis, Deputy Assistant Attorney General, Office of Legal Counsel, *Re: Starting Date for Terms of Members of the United States Sentencing Commission* (May 10, 1990).

Because the Mississippi River Commission's members do not serve staggered terms, its members' terms, as we understand the practice, have previously been calculated from appointment, rather than from the expiration of the predecessors' terms. In the case that prompts your question, however, this rule was not followed in the nomination, confirmation, and commission of the member. The predecessor's term expired October 21, 1996. *See* 133 Cong. Rec. 28,444 (1987) (Senate confirmation). The President's nomination of the successor was "for a term expiring October 21, 2005," 144 Cong. Rec. S10,943 (daily ed. Sept. 24, 1998) — nine years after the previous term expired — rather than for a term of nine years

123

to begin upon appointment. *Cf.* 133 Cong. Rec. 1929 (1987) (predecessor's nomination was "for a term of 9 years"). The Senate likewise gave its advice and consent to the nomination incorporating the wrong term. 144 Cong. Rec. S12,963 (daily ed. Oct. 21, 1998). We understand that, in accordance with the nomination and confirmation, the commission also specified a term expiring October 21, 2005.

The language of a nomination, confirmation, and commission cannot alter a statutory term. The opinion of Solicitor General Phillips in *Case of Chief Constructor Easby*, which Attorney General Devens approved, stands for this principle. Easby had received a recess appointment as Chief of the Bureau of Construction and Repair in the Navy Department. The wording of his later nomination, confirmation, and commission for the office, which had a statutory four-year term, rested on a calculation running from the date of the recess appointment, rather than the appointment with the Senate's advice and consent.[1] Solicitor General Phillips concluded that "[t]he law of the term of the office, of course, controls special language in the nomination and confirmation," and because "[t]he term during which Mr. Easby served under the temporary appointment was, by law, a different term from that which commenced" upon his appointment with the Senate's advice and consent, "his term of office begins at the date of his appointment by and with the consent of the Senate, and not at the date of his previous temporary appointment by the President, notwithstanding the special wording of his nomination to the Senate, and of his commission." 16 Op. Att'y Gen. at 656, 657.

This principle squares with a pronouncement of the Supreme Court (although it may only have been dictum), *Quackenbush v. United States*, 177 U.S. 20, 27 (1900) ("the terms of the commission cannot change the effect of the appointment as defined by the statute"), and has been followed by our Office, *Impact of Panama Canal Zone Treaty on the Filling of the Vacancy in the Office of the District Judge for the United States District Court for the District of the Canal Zone*, 1 Op. O.L.C. 236, 237 n.4 (1977); Memorandum for John W. Dean III, Counsel to the President, from Leon Ulman, Deputy Assistant Attorney General, Office of Legal Counsel, *Re: Presidential Commissions* at 5 (Dec. 1, 1971).[2]

Consequently, the term in this case ends nine years after the appointment, rather than on October 21, 2005. The "special language in the nomination and confirmation," as well as the language of a commission that "conform[s] to the . . .

---

[1] The recess appointment took place on April 30, 1877 For reasons that are unclear, the nomination, confirmation, and commission were all "from April 28, 1877." 16 Op Att'y Gen at 656 Also, the entire period from the beginning of the recess appointment had been subtracted from Easby's four-year term, even though the recess appointment expired before Easby was confirmed and appointed *Id.* at 656

[2] Attorney General Cummings' opinion *Term of Office of Major General Patterson as Surgeon General—Recess Appointment*, 37 Op. Att'y Gen. 282, 287 (1933), did not reach a contrary conclusion about the principle, but held that, in view of long practice under a specific statute, the four-year term in that case included prior service under a recess appointment

wording of that nomination and confirmation,'' cannot detract from the statutory specification of the term. 16 Op. Att'y Gen. at 656, 657.

DANIEL KOFFSKY
*Acting Deputy Assistant Attorney General*
*Office of Legal Counsel*

125